IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM R. BERG, #54254,        )<br>                                                    )<br>            Plaintiff,              )<br>                                                    )<br>vs.                                             )<br>                                                    )<br>PRISON HEALTH SERVICES; DR.  )<br>HILL, M.D., Orofino; RORY YORK,  )<br>P.A.; LINDA GEHRKE, H.S.A.;        )<br>SUE WHIPPLE, N.P.; JOHN AND    )<br>JANE DOES; all in their individual and  )<br> official capacities,                       )<br>                                                    )<br>            Defendants.          )<br>_____) | Case No. CV05-217-S-BLW<br><br>**INITIAL REVIEW ORDER** |

On May 31, 2005, the Clerk of Court conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis and whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## I.

## REVIEW OF COMPLAINT

**A.     Standard of Law for Review of Complaint**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any

**INITIAL REVIEW ORDER  1**

portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.**     **Discussion**

Plaintiff, an Idaho Department of Correction inmate, asserts that Defendants have been deliberately indifferent to his medical condition.  The Court construes this claim as an Eighth Amendment cause of action, upon which Plaintiff shall be authorized to proceed.  Plaintiff may not proceed on his claim under the Fourteenth Amendment, because the standard of law for both is the same under these circumstances.  *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

Plaintiff should be aware that, to prevail on an Eighth Amendment claim regarding prison medical care, he must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

**INITIAL REVIEW ORDER  2**

> The Ninth Circuit has defined a "serious medical need" in the following ways: failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

C.  **Doe Defendants**

Plaintiff should be aware that the Clerk of Court cannot effect service of process upon "John Doe" Defendants. Therefore, Plaintiff shall have 120 days after entry of this Order in which to provide the Clerk of Court with the identities of these Defendants, or the claims against them shall be dismissed.

D.  **Motion to Proceed in Forma Pauperis**

In order for any litigant to file a civil complaint in federal court, that litigant must

**INITIAL REVIEW ORDER  3**

either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time.  In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested leave to proceed in forma pauperis.  Based upon the information in Plaintiff's Affidavit and Trust Account Statement, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis and direct the Clerk of Court to effect service of the Complaint upon Defendants.  Plaintiff will be required to pay the $250.00 fee in increments by automatic withdrawals from his Prison Trust Account, as reflected in the accompanying Order for Payment of Inmate Filing Fee.

E.     **Motion for Appointment of Counsel**

Plaintiff also seeks appointment of counsel.  Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

The Court finds that Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial.  However, without more than the bare allegations of the Complaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits.   The Court also finds that Plaintiff has articulated his claims sufficiently.  Based on the foregoing reasons, the Court shall deny

**INITIAL REVIEW ORDER  4**

Plaintiff's Motion for Appointment of Counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED. Plaintiff is obligated to pay the statutory filing fee of $150.00. Plaintiff will not be assessed an initial partial filing fee at this time.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (contained in Docket No. 3) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), and a copy of this Order, and a Waiver of Service of Summons to the following:

    **Ms. Rhea Garrett**
    **Prison Health Services**
    **105 West Park Drive, Suite 200**
    **Brentwood, TN 37027**

on behalf of Defendants Prison Health Services, Hill, York, Gehrke, and Whipple.

**INITIAL REVIEW ORDER  5**

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees, or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States

**INITIAL REVIEW ORDER  6**

District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

      IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

DATED:  **June 23, 2005**

B. LYNN WINMILL  
Chief Judge  
United States District Court

**INITIAL REVIEW ORDER  7**